UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DANIEL R. GOINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-CV-657-DCP |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Deputy Commissioner for Operations, ) | |
| performing the duties and functions not ) | |
| reserved to the Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 16]. Now before the Court is Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 23 & 24] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 25 & 26]. Daniel R. Goins ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT** the Commissioner's motion.

## I. PROCEDURAL HISTORY

On September 8, 2009, the Plaintiff filed an application for supplemental security income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. [Tr. 81-82].

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court hereby substitutes Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, as the Defendant in this case.

After his application was denied initially and upon reconsideration, Plaintiff's request for a hearing was dismissed as untimely. [Tr. 83-87]. The Appeals Council, however, vacated the dismissal, finding good cause existed for not filing a timely request for a hearing, and remanded the case for further proceedings. [Tr. 88-90].

A hearing was subsequently held on March 14, 2013, before an ALJ. [Tr. 59-76]. The ALJ issued an unfavorable decision on August 8, 2013 [Tr. 94-103], which was remanded by the Appeals Council on January 5, 2015 [Tr. 91-112]. A second hearing before the ALJ was conducted on October 8, 2015. [Tr. 39-58]. Following the hearing, Plaintiff requested that his alleged onset date of September 8, 2009, be amended to August 22, 2013, Plaintiff's 50th birthday. [Tr. 233]. On January 22, 2016, the ALJ, again, found that Plaintiff was not disabled. [Tr. 19-32]. The Appeals Council denied Plaintiff's request for review [Tr. 1-6], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on November 14, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.   ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since September 8, 2009, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: Spine Disorder with Lumbar and Cervical Radiculopathy, Post-Surgical Changes to the Right Hip, and Anxiety (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of

the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant can occasionally perform the postural functions (climb, balance, stoop, kneel, crouch, and crawl). The claimant should not climb ladders. The claimant can occasionally interact with others (approximately one third of the day).

5. The claimant is unable to perform any past relevant work. (20 CFR 416.965).

6. The claimant was born on August 22, 1963 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

7. The claimant has a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 8, 2009, the date the application was filed (20 CFR 416.920(g)).

[Tr. 22-32].

## III.   STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision

was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV. DISABILITY ELIGIBILITY

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(A). A claimant will only be considered disabled if:

4

his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§ 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. §416.920(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. § 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must

prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence, because the ALJ's decision is based on Plaintiff's original onset date of September 8, 2009, rather than his amended onset date of August 22, 2013. [Doc. 24 at 15]. The significance of the error, Plaintiff contends, is that the ALJ failed to properly evaluate the medical opinion evidence concerning Plaintiff's need to use a cane. [*Id.* 15-16]. Specifically, Plaintiff complains that the ALJ erroneously relied on the medical opinion of consultative examiner, Jeffrey Summers, M.D., whose opinion was rendered four years prior to Plaintiff's amended onset date, over the opinion of a second consultative examiner, Jeffery Uzzle, M.D., who assessed Plaintiff's functional limitations during the relevant time period in question and who concluded that a cane was medically necessary. [*Id.* at 17-19].

The Commissioner concedes that the record does not give any indication that the ALJ was aware of Plaintiff's request to amend his onset date but argues that the ALJ did not rely on Dr. Summers's opinion to the exclusion of later generated evidence. [Doc. 26 at 4]. The Commissioner contends that the ALJ properly considered the medical evidence from 2013 through 2014, including Dr. Uzzle's opinion, and that the record supports the ALJ's conclusion that Plaintiff did not require a cane. [*Id.* at 5-11]. The Court agrees with the Commissioner and finds that despite the ALJ's failure to note the correct onset date, substantial evidence supports the ALJ's evaluation of the medical opinion evidence, including that Plaintiff did not require the use of a cane.

6

On October 27, 2009, Dr. Summers completed a "Medical Source Statement of Ability to Do Work-Related Activities (Physical)" wherein he opined the following limitations: Plaintiff could lift or carry up to 10 pounds continuously, up to 20 pounds frequently, and up to 50 pounds occasionally; he could sit for eight hours, stand for six hours, and walk for six hours; he required a cane to ambulate but the cane was not medically necessary; he could occasionally perform postural activities but could never crawl or climb ladders or scaffolds; and he could read very small print. [Tr. 348-51]. In an accompanied narrative report, Dr. Summers noted, in relevant part, that Plaintiff utilized the assistance of a cane, ambulated in a shuffling manner with a stooped posture, and exhibited mild to moderate difficulty arising from a seated position and climbing on and off the exam table. [Tr. 354, 356].

A second consultative examination was performed on July 18, 2015, by Dr. Uzzle who likewise completed a "Medical Source Statement of Ability to Do Work-Related Activities (Physical)" and opined the following limitations: Plaintiff could lift or carry up to 10 pounds frequently and up to 20 pounds occasionally; he could sit for seven hours, stand for four hours, and walk for three hours; he required the use of a cane to ambulate which was medically necessary; he could operate foot controls with his right foot occasionally and left foot frequently; he could perform postural activities occasionally except he could never balance or climb ladders and scaffolds; and he could be exposed to moving mechanical parts and operation of a motor vehicle frequently but could never be exposed to unprotected heights. [Tr. 590-93]. In Dr. Uzzle's narrative report, he described Plaintiff as having a mild to moderate right lower extremity limp, but that he ambulated the same with and without the use of his cane. [Tr. 598].

In the disability determination, the ALJ acknowledged Plaintiff's testimony that in 2010 he was in a car accident that resulted in the implantation of two plates in his right hip that left him

7

unable to sit or stand for more than 15 minutes at a time, he must alternate positions all day, and he needs to use a cane daily to ambulate. [Tr. 26]. The ALJ reasoned that despite Plaintiff's complaints, physical examinations from June 2013 through October 2014 were generally unremarkable as Plaintiff exhibited full range of motion in the cervical spine and no edema. [Tr. 27] (citing Ex.22F/2-4; 23F/6; 24F/3, 13). The ALJ also noted "less optimal findings," citing treatment notes from April, May, and June 2014, wherein Plaintiff exhibited mild paralumbar muscle tenderness, reduced range of motion in the lumbar spine, and reduced strength in the right lower extremity. [*Id.*] (citing Ex. 22F/2-4). In addition, the ALJ discussed medical imaging of Plaintiff's back which revealed minor degenerative spurring at L3-L4 but imaging following Plaintiff's car accident did not reveal significant musculoskeletal abnormalities of the thorax, abdomen, pelvis, right ankle, thoracic spine, or lumbar spine, and no post-surgery hardware complications were indicated in the right hip. [*Id.*] (citing Ex. 12F/2, 5, 6 & 23F/3). Finally, the ALJ cited to treatment records from a pain clinic which noted that Plaintiff used a cane to ambulate. [*Id.*] (citing Ex. 34F/7-8, 18).

The ALJ concluded that limiting Plaintiff to light work, including carrying and lifting no more than 20 pounds occasionally and 10 pounds frequently, in addition to occasional postural activities with no climbing ladders, was consistent with the medical imaging studies that demonstrated degenerative changes in the lumbar spine as well as the less optimal findings noted above. [Tr. 27]. The ALJ then assigned "great weight" to Dr. Summers's opinion with the exception of the lifting and carrying restrictions and the required use of a cane. [Tr. 28]. The ALJ found that Plaintiff's reduced strength required a lower weight limitation, and therefore Plaintiff was found more limited than opined by Dr. Summers. [*Id.*]. In addition, the ALJ concluded that Plaintiff's need for a cane was inconsistent with Dr. Summers's own observation that a cane was

8

not medically necessary. [*Id.*]. The remainder of the opinion was found consistent with Plaintiff's medical imaging results and clinical observations of reduced range of motion in Plaintiff's spine and right lower extremity. [*Id.*]. As to Dr. Uzzle's opinion, the ALJ assigned the opinion "some weight," finding it partially consistent with Dr. Summers's opinion. [Tr. 28-29]. The ALJ concluded that the medical record did not support Dr. Uzzle's limitations with regard to foot controls or environmental restrictions. [Tr. 29].

The Court observes that "[t]he onset date of disability is the first day an individual is disabled as defined in the Act and the regulations." Soc. Sec. Rul. 83–20, 1983 WL 31249, at *1 (Jan. 1, 1983). A claimant's request to change his alleged onset date may be made by letter. *Id.* at *2. Here, the record includes a letter by Plaintiff requesting that his onset date be amended to August 22, 2013. [Tr. 233]. Despite Plaintiff's request, the record indicates that the ALJ used the original onset date of September 8, 2009. However, "an error in the alleged onset of disability is not itself a basis for remand, unless Plaintiff can show that it caused h[im] prejudice, either alone or in combination with other errors." *Ehrob v. Comm'r of Soc. Sec.*, 2011 WL 977514, at *6 (E.D.Mich. March 17, 2011). The Court concludes that Plaintiff has not shown prejudice by the ALJ's error.

Plaintiff complains that the ALJ erred in giving great weight to Dr. Summers's opinion because the opinion does not take into account Plaintiff's subsequent car accident in June 2010 which resulted in two steel plates in Plaintiff's hip and the requirement that he use a cane daily. [Doc. 24 at 17]. The Sixth Circuit Court of Appeals, however, does "not endorse the position that all evidence or medical records predating the alleged date of the onset of disability . . . are necessarily irrelevant." *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 414 (6th Cir. 2006). Instead, our appellate court "recognize[s] that evidence presented at an earlier hearing or predating

the onset of disability, when evaluated *in combination with later evidence*, may help establish disability." *Id.* (emphasis in original). Here, the ALJ considered Dr. Summers's opinion in conjunction with later generated medical evidence including medical records pertaining to Plaintiff's car accident, ensuing surgery, imaging studies, and documented use of a cane. In fact, all of the medical evidence discussed and relied on by the ALJ in assessing Plaintiff's RFC, including the reasons for assigning great weight to Dr. Summers's opinion, was exclusively based on medical records from 2013 and 2014, and not evidence predating Plaintiff's amended onset date. [Tr. 27]. The Court finds the ALJ's citation to unremarkable examination findings, coupled with imaging studies, and "less optimal findings," including mild paralumbar muscle tenderness, reduced range of motion in the lumbar spine, and reduced strength in the right lower extremity, provided a reasonable and supportive basis for concluding that Plaintiff retained the ability to perform light work with occasional postural limitations and no climbing ladders.

To be sure, Dr. Uzzle had the opportunity to subsequently examine Plaintiff and review imaging studies during the relevant time period under review and following Plaintiff's car accident. Despite Dr. Uzzle having the opportunity to consider evidence that was not before Dr. Summers, Dr. Uzzle largely opined limitations consistent with Plaintiff's RFC for light work.[2] [*Compare* Tr. 27 *with* Tr. 589-92]. Putting aside for the moment Plaintiff's argument regarding the use of a cane, Dr. Uzzle's weighted, sitting, standing, walking, and postural limitations, with the exception of no balancing, are consistent with Plaintiff's RFC. While the ALJ only assigned "some weight" to Dr. Uzzle's opinion, the only portion of the opinion that appears to have been

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). Light work also "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

squarely rejected was the limitations pertaining to foot controls and environmental restrictions, which Plaintiff does not contend to be unsupported by substantial evidence

Turning to whether Plaintiff required a cane, Plaintiff submits that the ALJ did not mention Dr. Uzzle's observation that Plaintiff's use of cane was medically necessary, and that Plaintiff's need for a cane is well documented both prior and after his amended onset date. [Doc. 24 at 15-16]. Although the ALJ did not comment on Dr. Uzzle's finding that a cane was medically necessary, the ALJ did observe Dr. Uzzle's finding that Plaintiff ambulated with and without a cane with the same mild to moderate right-sided limp. In other words, the use of a cane did not change the manner in which Plaintiff ambulated. Accordingly, the ALJ was not obligated to incorporate such a restriction into the RFC, nor was the ALJ required to specifically comment on Dr. Uzzle's finding that a cane was medically necessary. *See Purtty v. Comm'r of Soc. Sec. Admin.*, No. 1:13 CV 1204, 2014 WL 3510991, at *9 (N.D. Ohio July 10, 2014) ("[A]n ALJ is not required to explain each limitation or restriction he adopts or, conversely, does not adopt from a consultative examiner's opinion. While an ALJ must consider medical opinions, the RFC determination is expressly reserved to the Commissioner.") (citing 20 C.F.R. §§ 404.1527(e)(2), 404.1546, 416.927, and 416.945(a)(1)). Given Dr. Summers's finding that a cane was not medically necessary, and Dr. Uzzle's finding that a cane offered no difference in how Plaintiff ambulated, the Court concludes that the ALJ did not err in failing to incorporate the need for a cane into Plaintiff's RFC. *See Forester v. Comm'r of Soc. Sec.*, No. 16–CV–1156, 2017 WL 4769006, at *4 (S.D. Ohio Oct. 23, 2017) ("Where there is conflicting evidence concerning the need for a cane, it is the ALJ's task, and not the Court's, to resolve conflicts in the evidence.") (citation and internal quotation marks omitted).

Therefore, the Court finds the ALJ's citation to the incorrect onset date was harmless as the ALJ properly considered the medical evidence of record, including the medical opinions of Dr. Summers and Dr. Uzzle, and cited to substantial evidence supporting Plaintiff's RFC.

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment [**Doc. 23**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 25**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge